IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOHN R. PARKS, JOE T. HARRISON,
JOEY HARRISON, JOHNNY BRATTON, and
TYLER ORR,

     Plaintiffs,

v.                            Case No. 1:25-cv-01130-JDB-jay

DREW T. ADAMS, ABBIE G. ADAMS,
THE UNITED STATES OF AMERICA, and
NATURAL RESOURCES CONSERVATION
SERVICE,

     Defendants.

---

ORDER GRANTING FEDERAL DEFENDANTS' MOTION TO DISMISS

---

*INTRODUCTION*

In a complaint filed May 30, 2025, the Plaintiffs, John R. Parks, Joe T. Harrison, Joey Harrison, Johnny Bratton, and Tyler Orr, brought this action against the Defendants, Drew T. Adams, Abbie G. Adams, the United States of America, and the Natural Resources Conservation Service ("NRCS"), alleging easement by prescription (Count I), easement by law (Count II), and violation of the Fifth Amendment to the United States Constitution (Count III). (Docket Entry ("D.E.") 1.) Pending on the Court's docket is the motion of the United States and NRCS (collectively, the "Federal Defendants" or the "Movants") to dismiss the claims against them pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 21.) The Plaintiffs have responded (D.E. 22), and the Movants have replied (D.E. 24).

*FACTS ALLEGED*

The facts alleged in the complaint are as follows.  On December 16, 1996, Parks purchased a one-fourth undivided interest in real property located near Locust Grove Road in Dyer County, Tennessee, described as Map 21 and Parcel 7.01 as recorded in the Dyer County Register of Deeds Book 311, Page 628 (the "Hunting Property").  Plaintiffs Joe and Joey Harrison together obtained a one-fourth undivided interest in the Hunting Property in 1999, as did Plaintiffs Bratton in 2006 and Orr in 2024.  Parks' father and uncle had owned adjacent property described as Map 21 and Parcel 6.03, as recorded in the Dyer County Register of Deeds Book 1035, Page 2788 (the "Adams Property") for many years.

In the 1960s, the United States Corps of Engineers enlarged the Obion River channel, causing the Hunting Property to become landlocked by the river on the northwest side and by farmland, woods, and/or wetlands owned by others on the remaining sides.  In the late 1970s, Parks' father and uncle constructed a levee, topped by a pathway, along the eastern side of the Adams Property.  This pathway was the only means of accessing the Hunting Property.  While the parcel was sometimes also accessible by boat from the river channel, the more than twenty-mile trip was burdensome and dangerous.

Parks' father and uncle sold the Adams Property to Obion Grain Company, Inc. (the "Company") in 1996, which owned the parcel until 2023.  Throughout that period, Parks continued to use the levee path as the sole way of accessing the Hunting Property.  In May 2023, the Company entered into a warranty easement deed in perpetuity (the "Conservation Easement") with the United States in exchange for $2,256,488.  Before it executed the easement, however, the Company became aware it did not have sufficient land to secure the easement and entered into a verbal agreement with Parks to provide an easement across the Adams Property to access the

2

Hunting Property.  In exchange, Parks provided the Company with an easement across land adjacent to the Adams Property in order to allow the Company to access its property from the road. The Company never provided Parks with an easement to access the Hunting Property.

On May 26, 2023, the Adams Property was purchased from the Company by Defendants Drew T. Adams and Abbie G. Adams (the "Adams Defendants") subject to the Conservation Easement.  During the Adams Defendants' ownership of the Adams Property, the Plaintiffs continued to use the levee path to access the Hunting Property.  In 2023, however, Drew Adams informed Parks that the levee would be torn down to allow flooding of the Adams Property by NRCS.  The Adams Defendants subsequently built a fence around the Adams Property which prohibited access to the Hunting Property by land.

*STANDARDS OF REVIEW*

Federal Rule of Civil Procedure 12(b)(1).

Rule 12(b)(1) permits the district court to dismiss a complaint for lack of subject-matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction; the plaintiff carries the burden of demonstrating that either the Constitution or a statute has granted the court jurisdiction over a given suit, and that it may therefore hear it." *Jude v. Comm'r of Soc. Sec.*, 908 F.3d 152, 157 (6th Cir. 2018) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "The United States has sovereign immunity and cannot be sued unless it expressly consents." *Id.*  Such immunity is "jurisdictional in nature[;] [i]ndeed, the terms of the United States' consent to be sued in any court define the court's jurisdiction to entertain the suit." *Id.* (quoting *FDIC v. Meyer*, 510 U.S. 471, 475 (1994)) (cleaned up).  "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotation marks omitted).  "[A] waiver of the Government's

3

sovereign immunity will be strictly construed, in terms of scope, in favor of the sovereign." *United States v. Certain Land Situated in the City of Detroit*, 361 F.3d 305, 307 (6th Cir. 2004).

Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) permits the district court to dismiss a complaint for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). The complaint must meet the pleading standards set forth in Fed. R. Civ. P. 8, which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "[T]he plaintiff must allege facts that state a claim to relief that is plausible on its face and that, if accepted as true, are sufficient to raise a right to relief above the speculative level." *Adams v. Lexington-Fayette Urban Cnty. Gov't*, 154 F.4th 501, 508 (6th Cir. 2025) (internal quotation marks omitted). "A claim has facial plausibility when the well-pleaded facts allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Mattera v. Baffert*, 100 F.4th 734, 739 (6th Cir. 2024) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (cleaned up), *reh'g denied*, 2024 WL 3206004 (6th Cir. June 10, 2024). The court must "construe the complaint in the light most favorable to the plaintiff[.]" *Cook v. Ohio Nat'l Life Ins. Co.*, 961 F.3d 850, 855 (6th Cir. 2020).

*ARGUMENTS OF THE PARTIES AND ANALYSIS*

At the outset, the Plaintiffs, in their response to the instant motion, concede that dismissal of Count II of the complaint as against the Movants is appropriate. Thus, Count II is hereby DISMISSED as to the Federal Defendants only.

Count I.

Count I alleges that "Plaintiffs used the levee path for access to the Hunting Property in an open, visible, continuous, notorious manner, uninterrupted, and international manner with the

4

knowledge and acquiescence of the owners of the Adams Property for twenty-eight . . . years."
(D.E. 1 ¶ 36.)  Therefore, Plaintiffs allege, they have established a prescriptive easement for use
of the levee path to access the Hunting Property that accrued prior to the Company's entry into the
Conservation Easement with the Government.

The Federal Defendants seek dismissal of Count I under Rules 12(b)(1) and 12(b)(6).  The
Court will consider the parties' arguments under subsection (b)(1) first.  The Movants assert that
the claim contained in Count I is prohibited by the Quiet Title Act, 28 U.S.C. § 2409a (the "QTA"),
which states in pertinent part that "[t]he United States may be named as a party defendant in a civil
action under this section to adjudicate a disputed title to real property in which the United States
claims an interest[.]"  28 U.S.C. § 2409a(a).  The QTA was intended by Congress to "provide the
exclusive means by which adverse claimants could challenge the United States' title to real
property."  *Block v. North Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 286 (1983).
The district court is to "interpret a claim under the [QTA] in accordance with principles of federal
law, but look to state law for aid in applying the statute to the facts of the case so long as the state
law is compatible with federal policy."  *Burlison v. United States*, 533 F.3d 419, 426 (6th Cir.
2008).

"An easement is a right an owner has to some lawful use of the real property of another."
*Coolidge v. Keene*, 614 S.W.3d 106, 116 (Tenn. Ct. App. 2020) (quoting *Pevear v. Hunt*, 924
S.W.2d 114, 115 (Tenn. Ct. App. 1996)).  In Tennessee, an easement may be created through
various means, including by prescription.  *Id.*  To plausibly state a claim of prescriptive easement
under Tennessee law, usage of the property at issue "must be adverse, under claim of right,
continuous, uninterrupted, open, visible, exclusive, with the knowledge and acquiescence of the
owner of the servient tenement, and must continue for the full prescription period" which, in

Tennessee, is twenty years. *Cumulus Broad., Inc. v. Shim*, 226 S.W.3d 366, 379 (Tenn. 2007). "A prescriptive easement is not ownership and the right acquired is limited to the specific use." *Id.* The burden of proving adverse usage lies with the prescriptive plaintiff. *Id.* at 377 (cleaned up).

In seeking dismissal of Count I, the Movants rely on subsection (n) of the QTA, which expressly provides that "[n]othing in this section shall be construed to permit suits against the United States based upon adverse possession." 28 U.S.C. § 2409a(n). By way of response, Plaintiffs insist that they are not asserting a claim against the Government for adverse possession but, rather, are claiming a prescriptive easement that vested *before* the Government acquired its property interest in 2023. In doing so, they point to the Sixth Circuit's decision in *Burlison*.

The *Burlison* plaintiffs owned an interest in a landlocked property near the convergence of the Mississippi and Hatchie Rivers. *Burlison*, 533 F.3d at 421. They had no means by which to access their land except over a historic field access road passing through two other tracts that in later years became part of a United States wildlife refuge. *Id.* In 2002, the Government denied the *Burlison* plaintiffs use of the access road on the grounds that such use disturbed the waterfowl and caused damage to the road. *Id.* at 423. The *Burlison* plaintiffs brought an action under the QTA alleging the right to use the access road via various types of easements. *Id.* at 426.

Of relevance here, the *Burlison* plaintiffs argued they had an easement by prescription under Tennessee law. The Court stated:

> The [QTA] . . . may foreclose [the *Burlison* plaintiffs'] claim because it provides that 'nothing in this section shall be construed to permit suits against the United States based upon adverse possession.' 28 U.S.C. § 2409a(n). [The *Burlison* plaintiffs] argue that the [QTA] does not foreclose adverse possession claims that ripened before the government acquired title to the lands in question. At least three district courts have reached the conclusion that such suits do not constitute claims of adverse possession *against* the United States, but rather are claims of adverse possession against the prior owner. *Tadlock v. United States*, 774 F. Supp. 1035, 1037-38 (S.D. Miss. 1990); *Brewer v. United States*, 562 F. Supp. 128, 133 (E.D. Mo. 1983); and *Watt v. United States*, No. 8:00CV552, 2002 WL 87056, at *3 (D.

6

Neb. Jan. 23, 2002) (unpublished opinion). Thus, [the *Burlison* plaintiffs'] claim may be cognizable to the extent that it argues that they had an easement over the field-access road prior to the government's purchase of the [adjoining] tracts, rather than that they obtained an easement against the government via adverse possession.

*Id.* at 428. The *Burlison* court did not clearly resolve the issue regarding prescriptive easements in this Circuit, however, finding instead that the plaintiffs possessed an easement by reservation. *Id.*

In reply, the Federal Defendants submit that the plain language of subsection (n) does not differentiate between adverse possession claims under the QTA that accrue prior to the time when the United States acquired its property interest, as was the case in *Burlison* and the cases cited therein, and a case in which the claim vests after the Government's acquisition of a property interest. In support of their position, Movants cite to *Hallauer v. Chicago Title Insurance Co.*, No. CV-11-212-RMP, 2012 WL 3880055 (E.D. Wash. Sept. 6, 2012). In *Hallauer*, the plaintiffs claimed a prescriptive easement in a roadway over land owned by the United States that accrued prior to the Government's acquisition of its interest. *Hallauer*, 2012 WL 3880055, at *5. The district court recognized that there was some disagreement among federal courts as to the scope of subsection (n), comparing *Burlison* to *Dolan v. Madison*, 197 F. App'x 724, 728 (10th Cir. 2006), in which the appellate court identified the lower court as having held subsection (n) "to bar any claims for adverse possession, regardless of when the claim may have accrued." *Id.* (cleaned up). The *Hallauer* court ultimately sided with *Dolan*, holding that

> [k]eeping in mind the fact that the QTA acts as a waiver of sovereign immunity, and conditions on waivers are to be construed strictly, the Court concludes that the plain language of [§] 2409a(n) bars all claims based on adverse possession, no matter when the claim accrued.

*Id.* (internal citation omitted).

Even if Plaintiffs' claim for a prescriptive easement here could survive a Rule 12(b)(1) challenge, the complaint fails under Rule 12(b)(6).  It is the position of the Federal Defendants that the complaint does not sufficiently allege that use of the levee path was "adverse, under claim of right" or "continuous, uninterrupted" as required by Tennessee law.  *See Cumulus Broad.,* 226 S.W.3d at 379, *supra*.

Because it is dispositive, the Court will only consider the Movants' assertion as to the adversity element of the prescriptive easement claim.  To be "adverse" under Tennessee law,

> the use must be under a claim of right inconsistent with or contrary to the interest of the owner and of such a character that it is difficult or impossible to account for it except on the presumption of a grant; or use under a claim of right known to the owner of a servient tenement; or use whenever desired without license, or permission asked, or objection made such as the owner of an easement would make of it, disregarding entirely the claims of the owner of the land.

*Shoffner v. Urevbu*, No. W2024-00464-COA-R3-CV, 2025 WL 2795279, at *14 (Tenn. Ct. App. Oct. 1, 2025) (quoting *House v. Close*, 346 S.W.2d 445, 448 (Tenn. Ct. App. 1961)).  On the other hand, "[p]ermissive uses of property are not adverse to the owner and, therefore, cannot constitute adverse possession."  *See id.* at *15 (quoting *Pierce v. Delashmitt*, No. E2011-02748-COA-R3-CV, 2012 WL 5839949, at *8 (Tenn. Ct. App. Nov. 19, 2012)).

As previously quoted at the beginning of this section, Plaintiffs aver that they "used the levee path for access to the Hunting Property in an open, visible, continuous, notorious manner, uninterrupted, and international manner with the knowledge and acquiescence of the owners of the Adams Property for twenty-eight . . . years." (D.E. 1 ¶ 36.)  In response to the Federal Defendants' challenge, the Plaintiffs submit that "[u]se that is . . . without permission for decades raises a presumption of adversity under Tennessee law."  (D.E. 22 at PageID 118.)  However, it is the response to the motion to dismiss, not the complaint, which purports to allege use of the path without permission.  Nor does the complaint contain facts to support such an averment.  This

Circuit has held that "[t]he court may not take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)" of the Federal Rules of Civil Procedure. *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) (internal ellipses omitted). While plaintiffs may move to amend their complaint if they believe additional facts are necessary, they may not "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Id.* Here, Plaintiffs have not moved to amend their complaint. Nor did they seek leave to file a surreply in order to address the Movants' arguments as to the sufficiency of the complaint's adversity claim.

In light of Plaintiffs' failure to plausibly allege all of the elements of a prescriptive easement claim against the Federal Defendants, the motion to dismiss Count I as to the Movants is GRANTED.

Count III.

This count avers that the United States' actions through the NRCS in prohibiting Plaintiffs from accessing the Hunting Property amounts to a taking without just compensation under the Fifth Amendment Takings Clause. The clause provides that private property may not "be taken for public use, without just compensation." U.S. Const., amend. V. "[T]he plain language of the Takings Clause requires the payment of compensation whenever the government acquires private property for a public purpose[.]" *Murr v. Wisconsin*, 582 U.S. 383, 392 (2017) (internal quotation marks omitted). "A primary objective of the Takings Clause is to prevent the government 'from forcing some people alone to bear public burdens which, in all fairness and justice, should be borne by the public as a whole.'" *Lifestyle Cmtys., Ltd. v. City of Worthington, Ohio*, 165 F.4th 1013, 1021 (6th Cir. 2026) (quoting *Armstrong v. United States*, 364 U.S. 40, 49 (1960)).

The Federal Defendants maintain in the instant motion that, to the extent Plaintiffs seek $10,000 or more in compensation pursuant to their takings claim, it should be dismissed for lack of subject-matter jurisdiction under the Tucker Act, 28 U.S.C. § 1491, which vests exclusive jurisdiction over such claims in the Court of Federal Claims. *Brott v. United States*, 858 F.3d 425, 428-29 (6th Cir. 2017). The parties are in agreement, however, that the so-called Little Tucker Act, 28 U.S.C. § 1346(a)(2), provides the federal district courts concurrent jurisdiction over non-tort claims against the United States for money damages so long as they do not exceed $10,000.[1] *Id.*

The Movants further argue that, assuming the Court has subject-matter jurisdiction pursuant to the Little Tucker Act, the takings claim cannot survive Rule 12(b)(6). As set forth above, Plaintiffs have failed to sufficiently allege a property interest in the form of a prescriptive easement in the levee path as against the Movants. Thus, they cannot sustain a claim that their property was taken absent just compensation. Accordingly, the Federal Defendant's motion to dismiss Count III is also GRANTED.

*CONCLUSION*

For the reasons articulated herein, the motion of the Federal Defendants to dismiss Plaintiffs' allegations against them is GRANTED. This matter will proceed against the Adams Defendants.

IT IS SO ORDERED this 24th day of April 2026.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs seek in their complaint "just compensation . . . in an amount to be determined at trial." (D.E. 1 at PageID 7.)